**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 09-4636

───────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CRAIG TADLOCK,

                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-00176-TLW-4)

───────────────

Submitted:  April 7, 2010                Decided:  May 4, 2010

───────────────

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.   William E. Day, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Craig Tadlock pled guilty to conspiracy to possess with intent to distribute OxyCodone, in violation of 21 U.S.C. § 846 (2006). He was sentenced to forty-one months in prison. Tadlock now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Tadlock was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

After reviewing the record, we conclude that Tadlock knowingly and voluntarily entered his guilty plea and that there was a factual basis for the plea. Further, the transcript of the plea colloquy discloses that the district court substantially complied with Fed. R. Crim. P. 11. Although the district court did not advise Tadlock of the court's obligation to impose a special assessment, see Fed. R. Crim. P. 11(b)(1)(L), Tadlock's plea agreement made clear that Tadlock was subject to such an assessment. Tadlock acknowledged at the Rule 11 hearing that he had read and understood the entire plea agreement. Under these circumstances, we conclude that the district court's omission did not constitute plain error affecting Tadlock's substantial rights. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (stating standard of

review).  The district court otherwise complied with the requirements of Rule 11.

Tadlock's total offense level was 23, his criminal history category was II, and his advisory Guidelines range was 51-63 months.  At sentencing, after hearing from counsel and Tadlock, the court recognized this range and considered the factors set forth at 18 U.S.C. § 3553(a) (2006).  The court took note of Tadlock's past criminal conduct and his persistence in involving himself in drug activity.  However, the court announced that it would impose a variant sentence based on Tadlock's having cooperated with the Government by participating in controlled drug buys and on Tadlock's ill health.  The court determined that a two-level reduction in his offense level, and a resulting Guidelines range of 41-51 months, was appropriate. The court sentenced him to forty-one months in prison.

We conclude that the sentence is procedurally and substantively reasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007).  In this regard, the court properly calculated Tadlock's advisory Guidelines range, considered the § 3553(a) factors, and sufficiently explained the variant sentence.  See id.; United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008).

After reviewing the entire record in accordance with Anders, we find that there are no meritorious issues for appeal.

3

We therefore affirm Tadlock's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on her client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED